THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

September 14, 2018

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza,
Brooklyn, New York 11201

RE: Wilson v. City of New York et. al.
Case No.: 12-6024(BMC)(LB)

Dear Judge Cogan:

I respectfully write to state Plaintiff's position on Your Honor's Order and Defendants' request for a Motion Hearing. (ECF Dkt. 130). Firstly, Plaintiff is ready to proceed to trial on September 24th as per the Court's Order on August 2, 2018. (ECF Dkt. 120). As such, Plaintiff respectfully asserts that the Court order rendered today would work a manifest injustice on Plaintiff, who has spent time, thousands of dollars in serving and subpoenaing witnesses and preparing for trial.

Secondly, as per Your Honor's Order on August 2, 2018, Your Honor specifically stated:

> "The Court ruled on the admissibility of certain proposed witness testimony and clarified which claims are to be tried on the record. " (ECF Dkt. 106)

Therefore at the culmination of that hearing, the parties left with the understanding that the following witnesses would be called at trial for the specific purposes stated herein:

1) Sean Wilson, Plaintiff;
2) David Newman, Plaintiff's former co-worker (the Court determined that his testimony would be limited to events that they witnessed);
3) Anthony Miano, Plaintiff's former co-worker (the Court determined that his testimony would be limited to events that they witnessed);
4) Naomi Lantsberg, EEO Investigator (her testimony would be limited to the investigation she conducted pertaining to Plaintiff's complaint of discrimination);
5) Lateisha Nero-Wilson, Plaintiff's wife (damages);

1

THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

6) Paul G. Hanrahan, Defendant;
7) Gregory Davis, Plaintiff's Co-worker (his testimony would be limited to the events that took place on November 20, 2010);
8) Walter Mirecki, Plaintiff's former supervisor from the time of 2001 to 2009.
9) Gerard Estelle, Plaintiff's former supervisor (his testimony would be limited to his account of Plaintiff's performance and Defendants' exhibits); and
10) Joseph Durack, Plaintiff's former supervisor (his testimony would be limited to his account of Plaintiff's performance and Defendants' exhibits).

It should be noted that Your Honor made his determination on Messrs. Mirecki, Estelle and Durack in a separate order, after I requested that they be added as witnesses based on Defendants' exhibits. (ECF Dkt. 120). As such, as per Your Honor's Orders on August 14, 2018 and August 2, 2018, Defendants clearly had the names of all the witnesses that Plaintiff intended to call for trial.

It is also quite common that hostile witnesses may not cooperate after being duly served with subpoenas. Again, the named witnesses have been subpoenaed and called on numerous occasions in some instances. It is my understanding, that when witnesses cannot be verbally contacted after being duly subpoenaed that a party may request that the Court issue a marshal. Accordingly, I made mention of my intention to marshal some of my witnesses but again it should be clear that I am prepared to proceed and have engaged in thorough due diligence before seeking any intervention from the Court.

Thirdly, as per Your Honor's Order on August 2, 2018, Your Honor clearly stated "Upon further reflection, the Court concludes that it would be more efficient to proceed directly to trial, rather than to hold a second pre-trial conference." (ECF. Dkt. 120). Your Honor respectfully made this determination after ordering me to provide a revised exhibit list to Defendants. Therefore, I was under the impression that no further motion practice, exhibit or witnesses lists would be exchanged between the party and have prepared for trial accordingly.

As such, I respectfully request that the parties be permitted to proceed as per Your Honor's original order on August 2, 2018. To rule otherwise would be a manifest injustice to Plaintiff and his counsel. To date, I have re-scheduled and requested adjournments in other matters so that I could prepare and try this case on September 24, 2018. I have also dealt with various health issues and worked diligently to try this case on the 24th. Additionally, Plaintiff has spent considerable amounts of money and time to prepare and subpoena the witnesses.

The only reason I requested written motion practice on the witness and exhibit list was because of Defendants' request for a motion for a hearing. Again I am prepared to proceed to trial and I intend to request that the Court marshal the uncooperating witnesses that have been duly subpoenaed. Again, I make this request consistent with Your Honor's Order on August 2,

2

# THE LAW OFFICES OF
# Special | Hagan

**196-04 HOLLIS AVENUE**
**SAINT ALBANS, NEW YORK 11412**
**P: (917) 337-2439**
**FAX: (914) 462-4137**

2018, which clearly stated that a second pre-trial conference would not be efficient. Again, I respectfully request that the parties be allowed to proceed to trial on September 24th as per Your Honor's Order. Again, contrary to this Court's representation Plaintiff is ready to proceed.


Respectfully,

*Special Hagan, Esq.*

Special Hagan, Esq.
Attorney for Plaintiff
Sean Wilson



Cc:     Yuval Rubenstein, Esq.
        James Fredrick Horton, Esq.
        Attorney for Defendants,