MANDATE

18-3519
*Wilson v. Hanrahan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

───────────────────────────────────

SEAN WILSON,

*Plaintiff-Appellant*,

v.                                                              18-3519

PAUL G. HANRAHAN, EEO OFFICER, as Supervisor, in their Individual and Official Capacities, and NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants-Appellees*,

CITY OF NEW YORK, LOCAL UNION NO. 891 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, LOCAL 32BJ-SERVICE EMPLOYEES INTERNATIONAL UNION, CLC, MECCA SANTANA,

*Defendants*.

───────────────────────────────────

MANDATE ISSUED ON 06/03/2020

For Plaintiff-Appellant:　　　　　　SPECIAL HAGAN, Law Offices of Special Hagan, Saint Albans, NY

For Defendants-Appellees:　　　　　DANIEL MATZA-BROWN (Richard Dearing and Devin Slack, *on the brief*) *for* James E. Johnson, Corporation Counsel, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sean Wilson, an African American man, appeals from an October 26, 2018 judgment in favor of defendants Paul Hanrahan and the New York City Department of Education ("DOE"). Wilson sued Hanrahan, the DOE and other defendants, primarily alleging violations of Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. Specifically, he claimed that Hanrahan discriminated and retaliated against him and created a hostile work environment. Wilson's Title VII claims were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). His hostile work environment claim was dismissed on summary judgment. Following a trial, a jury found in favor of Hanrahan on the discrimination and retaliation claims, and the district court dismissed his remaining claims against the DOE. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.　**Dismissal of Title VII Claims**

"We review *de novo* the district court's judgment granting Defendants' motion to dismiss." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99–100 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the

district court dismissed Wilson's Title VII claims because the allegations in the amended complaint established that Hanrahan—not the City of New York (the "City") or the DOE—was Wilson's employer, and Wilson failed to plead a Title VII claim against Hanrahan.

We need not consider whether dismissal of the Title VII claims was error because, even if it was, that error was harmless. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 204 (2d Cir. 2013) (affirming dismissal of common-law estoppel claim because error, if any, was harmless). As explained below, the district court properly applied Title VII standards in granting summary judgment on Wilson's hostile work environment claim. As to the race discrimination and retaliation claims, Wilson's complaint did not allege any facts that would suggest any discriminatory or retaliatory motive on the part of the DOE. Wilson could prevail against the DOE only if it was liable for Hanrahan's discrimination. Thus, the subsequent jury verdict in Hanrahan's favor means that Wilson's Title VII race discrimination and retaliation claim against the DOE would necessarily have failed. Because the district court's error was therefore harmless, we affirm the dismissal of Wilson's Title VII claims.

## II.     Summary Judgment on Hostile Work Environment Claim

Nor do we discern a basis for disturbing the district court's determination that summary judgment was properly granted as to Wilson's hostile work environment claim against Hanrahan. We review a district court's grant of summary judgment *de novo*, construing the facts and taking all reasonable inferences in favor of the non-moving party. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). Summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Wilson contends that the district court disregarded significant evidence in support of this claim. We disagree.

3

We begin by noting that the district court appears to have applied the Title VII standard to Wilson's hostile work environment claim. We find that summary judgment was appropriate under either the Title VII standard or the § 1983 standard. We recently clarified the differences between Title VII and § 1983 as they relate to anti-discrimination law. *See Naumovski v. Norris*, 934 F.3d 200 (2d Cir. 2019). Under either cause of action, the plaintiff must establish "offensive conduct . . . that was sufficiently severe or pervasive to alter the conditions of the victim's employment." *Id.* at 212 (quotation marks omitted). Under Title VII, a co-worker's harassment can be imputed to the employer if the employer "failed to provide a reasonable avenue for complaint" of it "knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009). Under § 1983, a plaintiff must additionally establish both the personal involvement of a defendant in creating a hostile work environment and that a defendant's "conduct was a 'but-for' cause of the hostile work environment." *Naumovski*, 934 F.3d at 222; *see also Raspardo v. Carlone*, 770 F.3d 97, 114–16 (2d Cir. 2014). Wilson's evidence was insufficient to make out a claim under either standard. Many of the alleged incidents of harassment by co-workers were not racially derogatory on their face, and in any event they did not rise to the level of "severe or pervasive" conduct that constitutes a hostile work environment. Moreover, at his deposition, Wilson equivocated on whether he had even informed Hanrahan of certain purportedly discriminatory events. As to § 1983, he has raised neither a basis for concluding that the actions of his coworkers can be ascribed to Hanrahan as a supervisor, *see Raspardo*, 770 F.3d at 116, nor that Hanrahan's "*own* conduct . . . created a sufficiently hostile work environment," *Naumovski*, 934 F.3d at 222. And Hanrahan's own remarks—four scattered over more than a year—do not

rise to the level of a hostile work environment. Accordingly, we affirm the court's grant of summary judgment.

## III. Bifurcation of the Trial

Wilson next contends that the district court erred in bifurcating the trial because separate trials for Hanrahan and the DOE may have rendered the overall process less efficient. We disagree. A district court's decision to bifurcate a trial is reviewed for abuse of discretion. *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). "[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . ." *Id.* (citations omitted). We have previously approved bifurcation where a plaintiff brings a § 1983 suit against both individual officers and a municipality, and the liability of the municipality is predicated solely on the fault of the individual defendants, because a trial against the municipality would be unnecessary if the jury found no fault in the conduct of the individuals, so that "bifurcation would further the goal of efficiency." *Id.*; *see also Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008) ("If [the officers' actions] did not [violate Matican's constitutional rights], then the City cannot be liable to Matican under § 1983."). Here, the district court bifurcated the trial for the very reason we deemed acceptable in *Amato*. Accordingly, it did not abuse its discretion.

## IV. *Batson* Challenge

Wilson next argues that the magistrate judge, who assisted the district court in jury selection, erred in crediting the race-neutral reasons proffered by defense counsel in excluding two African American jurors. We discern no clear error in this factual determination.[1] Pursuant to

---

[1] The Defendants argues that this claim is waived, in any event, because it was not pressed before the district court until after the jury verdict had been returned. Given our conclusion that the claim fails on

5

*Batson* and its progeny, once a party has made a prima facie showing that the opposing party discriminated in the exercise of its peremptory strikes, "[t]he trial judge must determine whether the . . . stated reasons [for such strikes] were the actual reasons or instead were a pretext for discrimination." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2241 (2019) (citing *Batson v. Kentucky*, 476 U.S. 79, 97–98 (1986)). The trial court's decision on whether a party was "'motivated in substantial part by discriminatory intent,'" *Foster v. Chatman*, 136 S. Ct. 1737, 1754 (2016) (quoting *Snyder v. Louisiana*, 552 U.S. 472, 485 (2008)), will be reversed only if it is clearly erroneous, *Flowers*, 139 S. Ct. at 2244. Here, Wilson does not identify any other "similarly situated prospective jurors of other races or ethnicities" who were not excluded, *United States v. Farhane*, 634 F.3d 127, 155 (2d Cir. 2011), or offer any other evidence of pretext. While the magistrate judge expressed some initial skepticism at defense counsel's reasons for excluding the two jurors, she ultimately credited these reasons. We see no reason to disturb her conclusions.

## V.     Evidentiary Rulings

Wilson further contends—without citation to relevant precedent or references to the record to identify which rulings he challenges—that the district court erred in excluding certain contemporaneous complaints that Wilson filed. We review evidentiary rulings for abuse of discretion. *United States v. Lee*, 833 F.3d 56, 73 (2d Cir. 2016). "An error is harmless if we can conclude with fair assurance that the [error] did not substantially influence the jury. In civil cases, the burden falls on the appellant to show that the error was not harmless . . . ." *Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir. 2016) (quotation marks and citations omitted). Assuming, *arguendo*, that Wilson has not forfeited his evidentiary arguments, *see* Fed. R. App. P. 28(a)(8)(A);

_____

the merits, we need not address this issue.

*Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013), they are without merit.

Wilson specifically challenges the exclusion of four complaints. As to three of those complaints, the district court allowed Wilson to testify to the fact that he filed them—the relevant issue in this case, as Wilson pursued a retaliation claim. As to the fourth complaint, the district court allowed Wilson to enter the complaint into evidence, but his attorney failed to do so. Wilson further suggests that the district court precluded testimony regarding his "increased workloads, assignment to poorly ventilated areas, . . . the sabotage of his work and the ongoing harassment he experienced." Pl.-Appellant's Br. 29. But this claim is belied by the record. Wilson testified to each of these matters at trial. Accordingly, Wilson has failed to demonstrate that the exclusion of any evidence affected the jury's verdict.

**VI.    Jury Instruction on "Mixed Motive"**

Wilson next contends that the district court erred by failing to give a "mixed motive" jury instruction. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 247 (1989) (plurality opinion), *superseded by statute as stated in Burrage v. United States*, 571 U.S. 204, 213 n.4 (2014). We again disagree. "In general, we review challenges to jury instructions in civil cases *de novo*, and will grant a new trial if we find an error that is not harmless. If, however, the challenging party failed to object to the charge at trial, we review for plain error." *Rasanen v. Doe*, 723 F.3d 325, 331–32 (2d Cir. 2013) (quotation marks and citations omitted). Assuming, without deciding, that mixed motive is properly charged in a § 1983 case even after *Naumovski*, 934 F.3d at 222, the jury must be so instructed only "if requested" by a party, *Rose v. N.Y.C. Bd. of Educ.*, 257 F.3d 156, 162 (2d Cir. 2001); *see also Fields v. N.Y. State Office of Mental Retardation and Developmental Disabilities*, 115 F.3d 116, 123 (2d Cir. 1997); *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 181

(2d Cir. 1992).   But here, neither Wilson nor the Defendants ever requested a mixed-motive charge.   Moreover, the jury found that race was not a "substantial motivating factor" in any discriminatory or retaliatory acts that occurred.   Thus, even if the district court *had* given such an instruction, the "outcome of the . . . proceeding[]" would have remained the same.   *United States v. Marcus*, 560 U.S. 258, 262 (2010).   Accordingly, the district court did not err in not providing the instruction, let alone commit an error that was "clear or obvious" and affected the proceeding. *Id.* at 262.

**VII.    Weight of the Evidence**

Finally, Wilson contends that the district court erred in denying his motion for a new trial based on Hanrahan's purportedly perjurious testimony.   To the extent Wilson characterizes this argument as a challenge to the weight of the evidence, this claim "is not reviewable on appeal." *Robinson v. Cattaraugus County*, 147 F.3d 153, 160 (2d Cir. 1998).   To the extent Wilson contends that "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice," *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988), we review the district court's decision for abuse of discretion, *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 128 (2d Cir. 2016).

We have repeatedly held that disturbing credibility findings is rarely appropriate.   *See, e.g.*, *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (collecting cases). Indeed, assuming, *arguendo*, any merit to Wilson's claim that Hanrahan perjured himself on the stand, we have said that even where "contradictory evidence" that may "reveal[] a perjury" is placed "before the jury," a new trial motion need not be granted.   *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 875 (2d Cir. 1992).   Both Wilson and Hanrahan testified, both were impeached, and both presented credibility issues that it was the jury's duty to resolve.   The fact that the jury

decided to credit Hanrahan over Wilson does not render the verdict a "miscarriage of justice."

Accordingly, the district court properly denied Wilson's motion for a new trial.

*     *     *

We have considered Wilson's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit